United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

EUGENE HART,

Plaintiff,

v.

PHIL BIRKMYER,

Defendant.

Case No. 26-cv-05502-LB

**ORDER REASSIGNING CASE; REPORT AND RECOMMENDATION TO DISMISS**

Re: ECF No. 7

The plaintiff, who is representing himself and proceeding in forma pauperis, sued Phil Birkmyer and "all who worked at" Rock and Rose Landscaping for wrongful termination.[1] Because the plaintiff is proceeding in forma pauperis, the court screened the case under 28 U.S.C. § 1915(e)(2)(B) and issued an order (attached) identifying deficiencies in the complaint: there is not subject-matter jurisdiction (the parties are not diverse, and the plaintiff did not plead any plausible federal claims), and the court cannot tell if the statute of limitations has run for any potential claim because the plaintiff did not plead when he suffered the alleged harm. The court

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

United States District Court
Northern District of California

allowed the plaintiff until September 7, 2026, to amend the complaint.[2] He did not. There are no viable claims. The case should be dismissed.

Because not all parties have appeared in the case and consented to magistrate-judge jurisdiction, the case must be reassigned. 28 U.S.C. § 636(c)(1); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017). The court directs the Clerk of Court to reassign the case to a district judge and recommends that the newly assigned district judge dismiss the case. Any party must serve and file specific written objections to this recommendation within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); Civil L.R. 72-3. Failure to file a written objection within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: September 14, 2026

LAUREL BEELER
United States Magistrate Judge

[2] Order – ECF No. 7. The earlier order directed a response by September 7, 2026. That day was a holiday, which means that the actual deadline was September 8, 2026. Fed. R. Civ. P. 6(a)(1)(C). The plaintiff is not an efiler, which means the deadline for the response is extended by three days. Fed. R. Civ. P. 6(d); Civil L.R. 6(d).